UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

MASTER PROSPEROUS INDUSTRIAL CO., LTD.
    Plaintiff

v.

MARTEK POWER, INCORPORATED (Massachusetts)
and
MARTEK POWER, INCORPORATED (California)
    Defendants

Civil Action No.

04-11435 NG

MAGISTRATE JUDGE _Bowler_

RECEIPT # 56837
AMOUNT $ 150
SUMMONS ISSUED 2
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 6-23-04

COMPLAINT

**Statement of Jurisdiction**

Plaintiff has commenced this action seeking to recover in excess of $160,000.00 plaintiff is owed for goods sold and delivered to defendants. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. 1332. As appears below, for diversity purposes, plaintiff corporation is a citizen of Taiwan, Republic of China and defendant corporations are citizens of Massachusetts and California. The amount in controversy, exclusive of costs and interest, exceeds the threshold requirements of 28 USC 1332.

**The Parties**

1. Plaintiff, Master Prosperous Industrial Co., Ltd. ("MPI") is a corporation which is organized under the laws of Taiwan, Republic of China and maintains it principal place of business in Taiwan.

2. Defendant Martek Power Incorporated is a Massachusetts corporation which was formerly known as Conversion Devices, Inc. and which at all times material to this action

maintained its principal place of business at 15 Jonathan Drive, Brockton, Plymouth County, Massachusetts ("Martek-MA").

3. Defendant Martek Power Incorporated is a California corporation which has its principal place of business located at 4115 Spencer Street, Torrance, California ("Martek-CA").

## Factual Allegations

4. At all times material hereto, defendants Martek-MA and Martek-CA manufactured custom ac/dc power supplies. Prior to a change of corporate name filed with the Commonwealth of Massachusetts on April 1, 1999, Martek-MA operated under the name Conversion Devices, Inc.

5. At all times material hereto, MPI was and is in the business of manufacturing customized electronic components based upon specifications furnished by its customers.

6. At all times material hereto MPI manufactured certain customized electronic components for Martek-MA for use by Martek-MA in connection with its power supply product line, both prior to and subsequent to the April 1999 change of name referred to in the above paragraph 4.

7. At all times material hereto all material specifications for the components manufacture by MPI for Martek-MA were furnished by Martek-MA, and such components were manufactured by MPI in accordance with the specifications furnished by Martek-MA.

8. In or around June, 2000 Martek-MA ordered certain components from MPI to be manufactured and shipped by MPI in accordance with a five month projected delivery schedule.

9.    In the period from June to November, 2000 Martek-MA began experiencing a decline in the sales of its power supplies and during this period requested that MPI hold off on the shipment of components already manufactured and delay additional manufacture of the components previously ordered. Martek-MA also informed MPI that here would in all likelihood be a reduction in the amount of components actually needed by Martek-MA.

10.   In or around late November, 2000 Martek-MA furnished MPI with revisions to both the quantity and projected delivery dates for the product ordered by Martek-MA in June, 2000. MPI agreed to these revisions and proceeded to manufacture the product ordered by Martek-MA.

11.   Between the period from late November 2000 through April 2002 Martek-MA refused to authorize MPI to ship the product manufactured by MPI for Martek-MA or pay MPI for the product due to an ongoing decline in Martek-MA's power supply business.

12.   During the period from in or around January, 2002 through April, 2002, Martek-MA ands MPI engaged in various discussions and communications to resolve matters involving the product manufactured by MPI for Martek-MA.

13.   In or around mid to late April, 2002 the parties negotiated an agreement with respect to the monies owed to MPI and MPI's shipment of the manufactured product to Martek-MA. The parties agreed that the full value owed to MPI was $337,831.00. MPI agreed to accept the amount of $275,00.00 as payment in full provided such amount was paid in full. Martek-MA agreed to pay the $275,000.00 in four equal consecutive monthly installments of $68,750.00 each, the first of which installments would be paid on April 30, 2002. The parties agreed that Martek-MA would have the right to ship the product in a single or multiple shipments and that all product would be released by MPI

notwithstanding the actual amount paid to MPI or Martek-MA's default as of the date of any such shipments.

14. A written agreement (the "Agreement") was prepared and forwarded to the parties for their respective execution, which Agreement set forth the terms outlined in the above Paragraph 12 as well as other terms agreed upon between MPI and Martek-MA with respect to the product manufactured for Martek-MA by MPI. Attached hereto and made a part hereof as "Exhibit 1" is a true copy of this Agreement as executed by MPI.

15. Upon information and belief, at all times material hereto Martek-CA and Martek-MA were being operated as one and the same company.

16. At all times material hereto Martek-CA controlled the business activities of Martek-MA and otherwise conducted business within the Commonwealth of Massachusetts through Martek-MA as its alter ego.

17. Upon information and belief, at all times material hereto Martek-CA was conducting business in its own right within the Commonwealth of Massachusetts.

18. At all times material hereto Martek-CA had actual knowledge of the dealings between MPI and Martek-MA in connection with the product manufactured by MPI for Martek-MA.

19. At all times material to the communications and negotiations between MPI and Martek-MA during the period from in or around January 2002 through the preparation of the Agreement, all decisions affecting Martek-MA in its dealings with MPI were in fact being made by Martek-CA.

20. On or about April 29, 2002 Martek-CA caused the amount of $68,740.00 to be paid to MPI via wire transfer, which payment was made in accordance with and pursuant to the terms of the Agreement. Attached hereto and made a part hereof as Exhibits 2 is a

true copy of the Inward Remittance Advice from MPI's bank, Hua Nan Commercial Bank, Ltd., evidencing said payment and its source.

21. During the period from on or about May 6, 2002 through on or about June 19, 2002 MPI caused the manufactured product to be shipped to both Martek-MA's Brockton Massachusetts location and to Martek-CA's Torrance California location in accordance with instructions provided to MPI from Martek-MA.

22. Pursuant to the instructions received by MPI from Martek-MA, the vast majority of the manufactured product was shipped to Martek-CA.

23. On or about May 22, 2002 Martek-CA caused the amount of $68,740.00 to be paid to MPI via wire transfer, which payment was made in accordance with and pursuant to the terms of the Agreement. Attached hereto and made a part hereof as Exhibits 3 is a true copy of the Inward Remittance Advice from MPI's bank, Hua Nan Commercial Bank, Ltd., evidencing said payment and its source.

24. At all times material hereto Martek-MA intended that the Agreement constitute a binding agreement between it and MPI, notwithstanding the fact that Martek-MA did not execute the Agreement.

25. At all times material hereto, Martek-CA and not Martek-MA was the true party in interest with respect to the subject matter of the Agreement.

26. At all times material hereto, Martek-CA: by its actions and conduct in directing the activities of Martek-MA which culminated in the Agreement; by its making of payments to MPI with specific reference to the "settlement" and the "settlement agreement"; and by its acceptance of the delivery of the majority of the product which is the subject matter of the Agreement, adopted the Agreement for its own benefit and intended it to be a binding agreement between MPI and itself.

27. At all times material hereto MPI intended and relied upon the Agreement as being a binding agreement between itself and Martek-MA, which reliance included the release of the manufactured product to Martek-MA and Martek-CA.

28. Neither Martek-MA nor Martek-CA made the June 30, 2002 payment which was due MPI pursuant to the terms of the Agreement and MPI notified Martek-MA that it was in default of the Agreement.

29. In or around early July, 2002 Martek-MA instructed MPI that it should deal directly with Martek-CA.

30. In or around early July, 2002 MPI began dealing directly with Martek-CA to attempt to resolve the default under the Agreement.

31. On or about July 11, 2002 Martek-CA caused the amount of $9,547.00 to be paid to MPI via wire transfer on account of the balance due MPI. Attached hereto and made a part hereof as Exhibits 4 is a true copy of the Inward Remittance Advice from MPI's bank, Hua Nan Commercial Bank, Ltd., evidencing said payment and its source.

32. Subsequent to the payment made on or about July 11, 2002, neither Martek-MA nor Martek-CA have made any further payments to MPI.

33. The actual value of the product manufactured, sold and delivered by MPI to Martek-MA and Martek-CA was $309,275.00[1] for which MPI has received payments totaling $147,027.00.

### Count I – Goods Sold and Delivered vs. Martek-MA

34. MPI re-alleges paragraphs 1 through 33 above and incorporates them by reference and makes them a part of this Count I.

---

[1] In the course of the shipment of the product to Martek-MA and Martek-CA, a physical inventory was conducted by MPI which accounts for the discrepancy between the value of the product as stated in the Agreement and its actual value.

35. Martek-MA owes MPI the amount of $162,248.00 for the product purchased from MPI.

### Count II – Breach of Contract vs. Martek-MA

36. MPI re-alleges paragraphs 1 through 33 above and incorporates them by reference and makes them a part of this Count II.

37. The Agreement attached hereto as Exhibit 1 constitutes a binding agreement between Martek-MA and MPI which is enforceable in accordance with it terms.

38. Martek- MA's failure to make the payments due MPI under the Agreement is a material breach of the Agreement.

39. Pursuant to the terms of the Agreement, Martek –MA owes MPI the amount of $162,248.00 and it is liable for the costs, expenses and attorneys' fees incurred by MPI in connection with this action.

### Count III – Promissory Estoppel vs. Martek-MA

40. MPI re-alleges paragraphs 1 through 33 above and incorporates them by reference and makes them a part of this Count III.

41. At all times material hereto Martek-MA intended that MPI consider itself to be bound by the terms of the Agreement.

42. At all times material hereto Martek-MA knew or should have known that MPI would reasonably rely upon the Agreement as being a binding and enforceable agreement and that in accordance with such reliance, MPI released the product to be shipped to Market –MA and to Martek-CA.

43. Martek-MA based upon its own actions and conduct in connection with the Agreement, is estopped from denying that it is bound by the terms of the Agreement

notwithstanding the fact it did not execute the Agreement, and the Agreement should be enforced against Martek-MA.

44. Pursuant to the terms of the Agreement, Martek –MA owes MPI the amount of $162,248.00 and it liable for the costs, expenses and attorneys' fees incurred by MPI in connection with this action.

### Count IV -- Goods Sold and Delivered vs. Martek-CA

45. MPI re-alleges paragraphs 1 through 33 above and incorporates them by reference and makes them a part of this Count IV.

46. Martek-CA owes MPI the amount of $162,248.00 for the product purchased from MPI.

### Count V – Breach of Contract vs. Martek-CA

47. MPI re-alleges paragraphs 1 through 33 above and incorporates them by reference and makes them a part of this Count V.

48. The Agreement attached hereto as Exhibit 1 constitutes a binding agreement between Martek-CA and MPI which is enforceable in accordance with it terms.

49. Martek- CA's failure to make the payments due MPI under the Agreement is a material breach of the Agreement.

50. Pursuant to the terms of the Agreement, Martek-CA owes MPI the amount of $162,248.00 and it is liable for the costs, expenses and attorneys' fees incurred by MPI in connection with this action.

### Count VI -- Promissory Estoppel vs. Martek-CA

51. MPI re-alleges paragraphs 1 through 33 above and incorporates them by reference and makes them a part of this Count III.

52. At all times material hereto Martek-CA intended that MPI consider itself to be bound by the terms of the Agreement.

53. At all times material hereto Martek-CA knew or should have known that MPI would reasonably rely upon the Agreement as being a binding and enforceable agreement and that in accordance with such reliance, MPI released the product to be shipped to Market –MA and to Martek-CA.

54. Martek-CA, based upon its own actions and conduct in connection with the Agreement, is estopped from denying that it is bound by the terms of the Agreement notwithstanding the fact it did not execute the Agreement nor is it a directly named party thereto, and the Agreement should be enforced against Martek-CA.

55. Pursuant to the terms of the Agreement, Martek –CA owes MPI the amount of $162,248.00 and it liable for the costs, expenses and attorneys' fees incurred by MPI in connection with this action.

WHEREFORE, MPI requests the following relief and judgment form this Court:

1. That pursuant to Count I, MPI be awarded damages in the amount of $162,248.00 against Martek-MA, jointly and severally with Martek-CA, together with costs and interest;

2. That pursuant to Count II, MPI be awarded damages in the amount of $162,248.00 together with an award of its costs, expenses and attorneys' fees against Martek-MA, jointly and severally with Martek-CA, together with costs and interest;

3. That pursuant to Count III, MPI be awarded damages in the amount of $162,248.00 together with an award of its costs, expenses and attorneys' fees against Martek-MA, jointly and severally with Martek-CA, together with costs and interest;

4. That pursuant to Count IV, MPI be awarded damages in the amount of $162,248.00 against Martek-CA, jointly and severally with Martek-MA, together with costs and interest;

5. That pursuant to Count V, MPI be awarded damages in the amount of $162,248.00 together with an award of its costs, expenses and attorneys' fees against Martek-CA, jointly and severally with Martek-MA, together with costs and interest;

6. That pursuant to Count VI, MPI be awarded damages in the amount of $162,248.00 together with an award of its costs, expenses and attorneys' fees against Martek-CA, jointly and severally with Martek-MA, together with costs and interest;

7. For such other relief as this Court deems fair and just.

Dated: 6-23-04

By Plaintiff's Attorneys

_____
Daniel F. Lenzo (BBO# 293800)
PAPPAS AND LENZO
114 Union Wharf
Boston, MA 02109
(617) 742-0080

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Master Prosperous Industrial Co., Ltd.

**DEFENDANTS**
Martek Power, Incorporated (MA corporation)
and
Martek Power, Incorporated (CA corporation)

(b) County of Residence of First Listed Plaintiff  N/A
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  N/A
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Daniel F. Lenzo   BBO# 293800
Pappas and Lenzo
114 Union Wharf
Boston, MA 02109    617-742-0080

Attorneys (If Known)

04-11435 NG

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 850 Securities/Commodities/ Exchange |
|  | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability |  |  | ☐ 863 DIW C/DIW W (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
|  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land |  | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights, ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Plaintiff brings this action to recover monies owed for goods sold and delivered to defendants.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 162,248.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): None
JUDGE
DOCKET NUMBER

DATE  6-23-04
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)___**Master Propsperous Industrial Co., Ltd. vs. Martek Power Incorporated**___

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   __ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   __ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   __ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   __ V.   150, 152, 153.

   **04-11435 NG**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   **None**

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME ___**Daniel F. Lenzo (BBO# 293800)**___

ADDRESS ___**114 Union Wharf, Boston, MA 02109**___

TELEPHONE NO. ___**(617) 742-0080**___